## RIPLEY *et al. v.* CITY OF SUPERIOR.

*(Circuit Court, D. Nebraska.* February 1, 1890.)

FEDERAL COURTS—JURISDICTION—ASSIGNEES.

Defendant city, having voted bonds for the erection of water-works, contracted for the same with F. & Co. Plaintiffs furnished the pipes for the works, and an agreement was made between plaintiffs, defendant, and the contractors by which plaintiffs were to be paid for the material furnished soon after the works were completed. Upon the completion of the works, the contractors drew an order on the city in favor of plaintiffs for the amount due, which order was duly accepted by defendant. *Held,* that the order and acceptance constituted a direct agreement between plaintiffs and defendant, and was not an assignment of the contractors' claim, within the meaning of Act Cong. Aug. 13, 1888, providing that an assignee cannot bring suit in the circuit court unless the assignor might have done so had no assignment been made.

At Law. Demurrer to petition.

*Curtis & Keysor, Rowell & Ferris,* and *John A. Gilliam,* for plaintiffs.

*Woolworth & Ragan,* for defendant.

DUNDY, J. The city of Superior, the defendant, voted bonds under the laws of the state, for the purpose of erecting water-works for the use of the city, and the inhabitants thereof. A contract was made between the city and S. K. Felton & Co. to build the works. Ripley & Brannon, the plaintiffs, furnished the principal part of the piping with which the contractor completed the work. An agreement was made between the contractors, Felton & Co., and the plaintiffs and defendant, by which plaintiffs were to be paid for the material furnished, soon after the completion of the work, as provided by the contract. The work was completed according to the contract, and the contractor, Felton, drew his order on the city, in favor of the plaintiffs, for the sum of $5,750. This was done on the 24th day of December, 1888. On the same day the city accepted the order in a proper way, and Felton & Co. at the same time approved of the acceptance, all of which was done in writing. It is admitted that the contract for the erection of the water-works was fully complied with by Felton & Co., but nevertheless the city declines to pay the plaintiffs the sum represented by the acceptance before described, or any part thereof, and this suit is brought to enforce the payment of the same. Demurrer to the petition was filed, fully argued at the bar and in briefs filed, with the understanding that the defendant would stand on its demurrer, and rely wholly on its defense as stated in the demurrer. The principal question relied on arises under Jurisdictional Act Cong. Aug. 13, 1888. The first section of that act defines the jurisdiction of the circuit court. It is provided therein that an assignee cannot bring a suit in a circuit court, unless the assignor might have done so had no assignment been made. But it seems to me that that provision does not apply to this case. It may be that the giving of the written order by Felton & Co. for the $5,750 operated as an assignment of that part of their claim for work done. If there had been no other or further agreement between any of the parties to the transaction, then I think

the plaintiffs could not have maintained an action on the order against the city unless Felton & Co., the contractors, could have done so. But in this particular instance the city had accepted the order, and had specially agreed with the plaintiffs to pay them the amount called for by the order, which was for the very materials they had put into the works for the city. This agreement was in writing, and was based on a good and sufficient consideration. It is that agreement that the plaintiffs seek to enforce. It is an agreement made directly with the plaintiffs themselves. It is a valid and binding agreement, and I can see no good reason why the plaintiffs cannot enforce it in this court. If the order had been drawn payable to a citizen of this state, and had been accepted by the city, then an assignee of such accepted order could not maintain a suit in this court to enforce its payment. But here the promise sought to be enforced was made direct to the plaintiffs, who are citizens of the state of Missouri. The construction I have given to the first section of the act referred to, it seems to me, is the correct one, and must settle the right of the plaintiffs to recover. The other questions discussed relate mainly to the remedy and nature of proceedings against municipal corporations. The demurrer is overruled, and judgment is entered for plaintiffs for the amount due on the acceptance. Judgment for $————, and costs.